(35 Misc. Rep. 295.)

### MALAWISTA v. MALZONI.

#### (Supreme Court, Appellate Term.   June, 1901.)

AMENDMENT AFTER JUDGMENT.

Plaintiff sued for goods sold and delivered, and recovered a simple money judgment on default. Thereafter the justice and attorneys for plaintiff stipulated that the return be amended to show a complaint for conversion, and plaintiff appealed to secure an amendment of the judgment to state that defendant was subject to arrest and imprisonment. *Held*, that the amendment should not have been allowed, and the judgment would be affirmed.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Elias Malawista against Dominick Malzoni.  Judgment for defendant, and plaintiff appeals.  Affirmed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Eisman & Levy, for appellant.

PER CURIAM.  The plaintiff, in June, 1900, sued the defendant in the municipal court of the city of New York for goods sold and delivered, seeking thereby to recover the last installments due upon a watch sold under a conditional contract of sale.  The defendant defaulted, and the case was tried on September 21, 1900, the justice rendering a simple money judgment.  On May 29, 1901, the justice and the attorneys for the plaintiff signed a stipulation that the return should be amended so as to read that plaintiff complained of defendant in "conversion," and that the words "goods sold and delivered" in said return be stricken out.  This was long subsequent to the appeal, which was taken on October 1, 1900.  The appeal by the plaintiff is taken in order to procure an amendment of the judgment so that it shall state that the defendant is subject to arrest and imprisonment.  The appeal cannot prevail.  The plaintiff might doubtless have originally sued in conversion, but he elected to sue, as he had a right to do, for goods sold and delivered, and the judgment rendered followed precisely the complaint.  It is too late after a cause has gone to judgment, without notice to the defendant, by a consent signed merely by the plaintiff's attorney and the justice, to amend the complaint, and upon such an amendment base an appeal for the amendment of the judgment.

The judgment must be affirmed, with costs.